AMERICAN HOMES BUILDING AND LOAN ASSOCIATION OF HOBOKEN, PLAINTIFF, v. PAUL ANGELILLIS AND JOHN MOSSA, DEFENDANTS.

Decided December 8, 1933.

For the plaintiff, *Matthew J. Tackella.*

For the defendants, *Joseph H. Gaudielle.*

ACKERSON, S. C. C. This action is upon two bonds, both dated June 13th, 1933, made by the defendants to the plaintiff, accompanying mortgages which have been foreclosed resulting in a deficiency for which this action is brought. An answer was filed by the defendant John Mossa, consisting of a general denial and one separate defense, in which the defendant disputes the amount of the deficiency and claims that the fair market value of the mortgaged premises at the time of the foreclosure sale was greater than the established deficiency, and that, therefore, no deficiency resulted on said bond. The defendant expressly states that "this defense is interposed pursuant to chapter 82 of the laws of 1933."

The plaintiff now moves to strike out this answer as not constituting a legal defense, and the only question presented at the argument and in the briefs is the constitutionality of chapter 82 (*Pamph. L.* 1933), approved March 29th, 1933, which is amendatory of an act entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder." The amendment provides in effect that the obligor may, by his answer in an action at law on the bond for a deficiency, dispute the amount of the deficiency and raise an issue on the fair market value of the mortgaged

premises at the time of the sale under the foreclosure proceedings, whereupon the court which is trying the action on the bond, sitting with or without a jury, shall assess the "fair market value" and determine the deficiency by deducting that value from the debt.

Since the bonds in question were executed prior to the approval of chapter 82 (*Pamph. L.* 1933), this motion is absolutely controlled by the recent decision of our Court of Errors and Appeals in the case of *Vanderbilt* v. *Brunton Piano Co. et al.,* 111 *N. J. L.* 596, wherein the court held that chapter 82 (*Pamph. L.* 1933), in so far as affects a pre-existing contract involves a right and not a mere procedure, and is such a restriction and limitation upon a mortgagee's right of recovery on a bond under chapter 157 (*Pamph. L.* 1880, as amended *Pamph. L.* 1881, *ch.* 147), as to be an impairment of a pre-existing contract and therefore and to that extent in conflict with article 1, section 10, subdivision 1 of the constitution of the United States and with article 4, section 7, paragraph 3 of the constitution of the State of New Jersey, and the court also held that the amendment in question, with respect to pre-existing contracts, cannot be sustained as an exercise by the legislature of the police power of the state.

It follows, therefore, that the plaintiff's motion to strike out the entire answer as sham in part and frivolous in part must be granted, and an order may be presented in accordance with the conclusion thus reached.